Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SAMEH ABDEL RAHAM,<br>on behalf of himself, and<br>others similarly situated, | Case No.  **19 CV 1515** |
| Plaintiffs, | **COLLECTIVE ACTION<br>COMPLAINT** |
| -against- | |
| HOT CHICKS & BALLERS CORP.,<br>dba PLAYERS USA; PLAYERS USA INC.,<br>dba PLAYERS USA; KICKS CLOSET<br>SPORTSWEAR INC.; ALI ABADI; and<br>ISMAIL ABADI; | ECF Case |
| Defendants. | |

---

Plaintiff, Sameh Abdel Raham, ("Plaintiff"), on behalf of himself, and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Hot Chicks & Ballers Corp., *dba* Players USA; Players USA Inc., *dba* Players USA; Kicks Closet Sportswear Inc.; Ali Abadi; and Ismail Abadi (the corporate defendants, collectively, "the corporate defendants"; all defendants collectively, "Defendants") and states as follows:

## INTRODUCTION

1.      This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et. seq*. ("FLSA"), and the New York Labor Law, arising from Defendants' failure to pay non-exempt employees minimum wages and overtime compensation.

2.      Upon information and belief, Defendants have willfully committed widespread violations of the FLSA and New York Labor Law by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wages and overtime compensation for all hours over forty (40) each workweek.

3.      Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

7.     Plaintiff is an adult resident of New York County in the City of New York.

8.     Upon information and belief, Defendant, Hot Chicks & Ballers Corp., *dba* Players USA, is a business corporation existing and doing business under the laws of the State of New York, with a principal address at 1027 Southern Boulevard, Bronx, New York 10459.

9.     Upon information and belief, Defendant, Players USA Inc., *dba* Players USA, is a business corporation existing and doing business under the laws of the State of New York, with a principal address at 1027 Southern Boulevard, Bronx, New York 10459.

10.     Upon information and belief, Defendant, Kicks Closet Sportswear Inc., is a business corporation existing and doing business under the laws of the State of New York, with a principal address at 1031 Southern Boulevard, Bronx, New York 10459.

11.     Defendant, Ali Abadi, is an owner, officer, director and/or managing agent of the corporate defendants, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of the corporate defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as

New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

12.     Upon information and belief, Defendant, Ismail Abadi, is an owner, officer, director and/or managing agent of the corporate defendants, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of the corporate defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

13.     Defendant Hot Chicks & Ballers Corp., *dba* Players USA is registered to do business, and does business, in the State of New York.

14.     Defendant Players USA Inc., *dba* Players USA is registered to do business, and does business, in the State of New York.

15.     Defendant Kicks Closet Sportswear Inc. is registered to do business, and does business, in the State of New York.

16.     Plaintiff, Sameh Abdel Rahman, was employed by the Defendants, in Bronx County, New York, to work as a sales person and stock person, from approximately November 2014 until on or about January 23, 2019.

17.     At times relevant to this litigation, Defendants, jointly, were the Plaintiff's employer, within the meaning of the FLSA and the New York Labor Law.

18.     At all relevant times, the corporate defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

19.     At all relevant times, the work performed by Plaintiff was and is directly essential to the businesses operated by the Defendants.

20.     The corporate defendants, *to wit*, Hot Chicks & Ballers Corp., *dba* Players USA; Players USA Inc., *dba* Players USA; and Kicks Closet Sportswear Inc., are separate corporations, but each engage in related activities, namely, they operate sneaker and apparel stores on Southern Boulevard in the Bronx, and they shared Plaintiff and other similarly situated employees.

21.     Hot Chicks & Ballers Corp., dba Players USA; Players USA Inc., dba Players USA; and Kicks Closet Sportswear Inc. shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to the employees; paid their employees by the same method; shared control over the employees; and are themselves under common control and management.

22.     The corporations are owned, operated, and controlled by the same owner, or owner group, and, upon information and belief, each provides mutually supportive services to the substantial advantage of the others such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise or employer.

23.     The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

24.     The corporate defendants share a common commercial business purpose, namely, owning and operating sneaker stores, where Plaintiff worked, in the Bronx.

25.     Upon information and belief, an arrangement existed between the corporate defendants whereby each entity agreed to share the services of Plaintiff and other similarly situated employees.

26.     Upon information and belief, the corporate defendants, namely, Hot Chicks & Ballers Corp., *dba* Players USA; Players USA Inc., *dba* Players USA; and Kicks Closet Sportswear Inc., located at and operating at adjacent properties (namely, 1027 and 1031 Southern Boulevard, Bronx, New York, respectively), shared control of Plaintiff.

27.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees lawfully earned minimum wages and overtime compensation in contravention of the FLSA and New York Labor Law.

28.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

29.     In or about November 2014, Plaintiff, Sameh Abdel Raham, was hired by Defendants to work as a sales person and stock person, for Defendants' company known as "Kicks Closet", located at 1031 Southern Boulevard, Bronx, New York 10459.

30.     After approximately one (1) year, Plaintiff Sameh Abdel Rahman was transferred to Players USA (which used to do business as "Urban Style"), located at 1027 Southern Boulevard, Bronx, New York 10459.

31.     After his transfer, Plaintiff Sameh Abdel Rahman was directed to work at Kicks Closet, at 1031 Southern Boulevard, Bronx, New York, on occasion.

32.     Plaintiff, Sameh Abdel Rahman, worked continuously for the Defendants from late 2014 through January 2019, with the exception of approximately two (2) months in 2015; and one (1) month in 2018.

33.     During Plaintiff Sameh Abdel Rahman's employment by the Defendants, he worked over forty (40) hours per week.

34.     Plaintiff Sameh Abdel Rahman generally worked a during the hours of 10:00 a.m. until 8:00 p.m. Mondays through Thursdays; and 10:00 a.m. through 8:30 p.m. on Fridays, and Saturdays; and 10:00 a.m. through 7:30 p.m. on Sundays. He often worked seven (7) days per week.

35.     During the months of November, December, and January, plaintiff worked longer hours, often starting at 9:00 a.m. and ending at 9:30 p.m.

36.     Plaintiff Sameh Abdel Rahman generally worked approximately seventy (70) hours per week.

37.     Plaintiff Sameh Abdel Rahman was not paid minimum wages or overtime compensation. Plaintiff Sameh Abdel Rahman was at a rate of one hundred dollars ($100.00) per day, or seven hundred dollars ($700.00) per week, for all hours worked. On occasions when he started late or left earlier than scheduled, Plaintiff's pay was reduced by ten dollars ($10.00) per hour.

38.     Work performed above forty (40) hours per week was not paid at time and one-half the minimum rate of pay as required by state and federal law.

39.     Sameh Abdel Rahman was not paid overtime wages. Work performed above forty (40) hours per week was not paid at time and one-half the minimum rate as

required by state and federal law. He was not paid additional compensation for overtime hours worked.

40.     Work performed by Plaintiff and similarly situated employees above forty (40) hours per week was not paid at time and one-half their regular rate of pay (or the minimum wage, when greater), as required by state and federal law.

41.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

42.     Defendant, Ali Abadi, is an individual who, upon information and belief, owns the stock of the corporate defendants, owns the corporate defendants, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

43.     Defendant, Ismail Abadi, is an individual who, upon information and belief, owns the stock of the corporate defendants, owns the corporate defendants, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

44.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "43" of this Complaint as if fully set forth herein.

45.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8

Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46.     At all relevant times, Defendants, jointly, employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

47.     Upon information and belief, at all relevant times, Defendant has had gross annual revenues in excess of $500,000.

48.     Plaintiff and the Collective Action Members were entitled to be paid at least the minimum wage; and at the rate of time and one-half the minimum wage (or their regular rate of pay, where greater), for all hours worked in excess forty (40) as provided for in the FLSA.

49.     The corporate defendant are a single enterprise, utilizing the Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses they operate.

50.     At all relevant times, Defendants knowingly and willfully operated their businesses with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees for worked performed over forty (40) hours in a workweek.

51.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

52.     Plaintiff was paid cash; he was not provided a wage statement.

53.     At some times, Defendants utilized a punch clock or other time keeping system to keep track of Plaintiff's working hours on a daily basis.

9

54.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

55.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

56.     Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

57.     Defendant, Ali Abadi, is an individual who, upon information and belief, owns the stock of the corporate defendants, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

58.     Defendant Ali Abadi exercised control over the terms and conditions of Plaintiffs' employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain wage and hour records.

59.     Defendant Ismail Abadi exercised control over the terms and conditions of Plaintiffs' employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv)

supervise and control work of the employees, and (v) create and maintain wage and hour records.

60.    Defendant Ali Abadi was present on the premises of Players USA on a daily basis, and actively supervised the work of the Plaintiff.

61.    Defendant Ismail Abadi was present on the premises of Players USA on a daily basis, and actively supervised the work of the Plaintiff.

62.    The corporate defendants, are each "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

63.    Defendants failed to pay Plaintiff and the Collective Action Members wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of forty (40), as provided for in the FLSA.

64.    At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members minimum wages for all hours worked, and by failing to compensate Plaintiff and the Collective Acton Members at the statutory overtime rate of time and one-half for

all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injury Plaintiff and the Collective Action Members.

66.    Records concerning the number of hours worked by Plaintiff and the Collective Action Members and the actual compensation paid to Plaintiff and the Collective Action Members are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

67.    Defendant failed to properly disclose or apprise Plaintiff or the Collective Action Members of their rights under the FLSA.

68.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

69.    Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

70.    Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

71.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

12

72.    At all relevant times Plaintiff, and the Collective Action Members were employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

73.    Defendant knowingly and willfully violated Plaintiff, and the Collective Action Members' rights, by failing to pay them minimum wages for all hours worked and overtime compensation at rates of not less than one and one-half times the minimum wage (or their regular rate, when greater), for each hour worked in excess of forty (40) hours in a workweek.

74.    Defendants knowingly and willfully violated Plaintiff's, and the Collective Action Members' rights by failing to pay proper overtime compensation.

75.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums for each day he worked in excess of ten (10) hours, pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

76.    Plaintiff, and the Collective Action Members, are entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.  Plaintiff, and the Collective Action Members, also seek liquidated damages pursuant to the New York Wage Theft Prevention Act, as amended in 2011.

## COUNT III
### [New York Wage Theft Prevention Act Written Notice Requirements]

77.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "76" of this Complaint as if fully set forth herein.

78.    The New York State Wage Theft Prevention Act, New York Labor Law § 195(1), requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

79. The New York State Wage Theft Prevention Act, New York Labor Law §
195(3), requires every employer to notify its employees, in writing, with every payment
of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked,
gross wages, deductions, allowances, and net wages.

80. At times relevant to this action Plaintiff was paid in cash and was not
provided a wage statement reporting his hourly rate of pay, hours worked, gross wages,
deductions, allowances, and net wages.

81. Plaintiff was required to sign a false statement that he was not an
employee; and that he was not owed overtime compensation.

82. Plaintiff was not provided with an accurate wage and comprehendible
statement as required by law, New York Labor Law § 195(3).

83. As a result of Defendant's violations of New York Labor Law § 195(1),
Plaintiff may recover statutory penalties, not to exceed a total of five thousand dollars,
together with costs and reasonable attorney's fees in accordance with New York Labor
Law § 198 (1-b).

84. As a result of Defendant's violations of New York Labor Law § 195(3),
Plaintiff may recover statutory penalties for each work week Defendants failed to provide
Plaintiff with wage notices, not to exceed a total of five thousand dollars, together with
costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-
d).

85. Defendants failed to comply with the notice and record keeping
requirements of the New York State Wage Theft Prevention Act and as such are liable for
civil penalties, attorneys' fees, and costs.

14

86.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day, on an annual basis.

87.     The New York State Wage Theft Prevention Act, effective April 2011, requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages. N.Y. Lab. Law § 195(1)(a)

88.     Plaintiff was paid in cash, and not provided with an accurate wage statement as required by law.

89.     Defendants did not provide accurate written notices as required by the New York Wage Theft Prevention Act.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sameh Abdel Rahman, on behalf of himself, and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)     An award of unpaid minimum wages; overtime compensation; and spread of hours premiums, due under the FLSA and New York Labor Law;

(c)     An award of liquidated damages as a result of Defendant's knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d)    An award of liquidated damages and statutory penalties, as a result of Defendant's knowing and willful failure to pay minimum wages and overtime compensation, and violations of the notice and record keeping requirements of the New York Labor Law and the New York State Wage Theft Prevention Act, as amended;

(e)    An award of costs and expenses of this action together with reasonable attorneys' fees;

(f)    An award of prejudgment and post-judgment interest; and

(g)    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
      February 18, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

By:  _____
      Peter Hans Cooper  (PHC 4714)

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, _Sameh Abdel Rahman_ , am an employee currently or formerly employed by _Players USA, Kicks Closet, Urban Styl_ and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_January 24_ , 2019

_Sameh Abdel Rahman_